UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JAHEIM CHILDRESS, A MINOR WHO SUES BY HIS MOTHER AND NEXT FRIEND, JAMILLAH CHILDRESS, <br><br> Plaintiffs, <br><br> v. <br><br> MAYBORN GROUP LIMITED., *et al.*, <br><br> Defendants. | Civil Action No. 7:11-cv-00459-SGW |

## JOINT DISCOVERY PLAN

The Plaintiff and Defendants, by counsel, pursuant to the Federal Rules of Civil Procedure Rule 26(f) and the Local Rules, after conferring on December 19, 2011, and submit the following proposed plan of discovery:

I. **DISCOVERY PLAN -- FED. R. CIV. P. 26(F)(3).**

A. *Timing, Form, or Requirement of Initial Disclosures.*

Counsel for both parties agree that their initial disclosures will be due on January 13, 2013. They agree that no changes in the form or requirement of initial disclosures under Fed. R. Civ. P. 26(a) should be made.

Counsel for both parties agree that plaintiff's initial expert disclosure is due on February 15, 2012, and the defendants' initial expert disclosure is due thirty days from receipt of plaintiff's disclosure.

B. *Subjects, Completion, or Limitation of Discovery – Fed. R. Civ. P. 26(f)(3)(B).*

It is anticipated that the parties will exchange discovery on the plaintiff's damages and on product design, documentation, labeling, manufacture and distribution. Discovery will be completed in accordance with this Court's Scheduling Order, no later than April 11, 2012.

C. *Electronically Stored Information – Fed. R. Civ. P. 26(f)(3)(C).*

The parties anticipate that they will soon agree on the form of production of ESI for all parties prior to producing ESI. The parties propose to exchange disclosure or discovery of electronically stored information and to timely identify any disputes regarding the same.

D. *Privilege and Protected Materials – Fed. R. Civ. P. 26(f)(3)(D).*

At present it is not clear that discovery demands will seek manufacturing process or other proprietary commercial information of the defendants. To the extent it does, the parties will propose a joint protective order prohibiting the dissemination of such information. After entry of the protective order, the defendants will not rely on privilege of proprietary information to withhold documents subject to the order.

E. *Changes in the Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E).*

A maximum of 75 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

A maximum of 10 depositions by plaintiff and a total of 10 by the defendants. Each non-expert deposition is limited to a maximum of 4 hours unless extended by agreement of the parties.

II. **MAGISTRATE TRIAL.**

The parties do not request a trial before a Magistrate Judge.

**WHEREFORE**, Plaintiff and Defendants, by and through counsel, respectfully request this Court to approve the foregoing joint discovery plan.

IT IS SO ORDERED:

_____
Judge Samuel G. Wilson
United States District Court for the
Western District of Virginia, Roanoke

WE ASK FOR THIS:

/s/
Jeffrey H. Krasnow, Esquire
The Krasnow Law Firm
301 West Campbell Ave.
Roanoke, Virginia 24016
Tel: 540 982 7654
Fax: 540 982 7680
*Counsel for plaintiff*

/s/
Kathryn A. Grace, VSB No. 71213
Thomas L. Appler, VSB No. 06346
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (facsimile)
Kathryn.Grace@WilsonElser.com
Thomas.Appler@WilsonElser.com
Counsel for Mayborn

/s/
J. Rudy Austin
P.O. Box 40013
Roanoke Virginia  24022-0013
540.983.9401 (Direct)
540.983.9300 (Main)
540.983.9400 (Facsimile)
austin@gentrylocke.com
Counsel for Wal-Mart